Filed 11/15/22 P. v. Avent CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093581 |
| Plaintiff and Respondent, | (Super. Ct. No. 74800) |
| v. | |
| RUFUS ADOLPHUS AVENT, | |
| Defendant and Appellant. | |

Over 30 years ago, defendant Rufus Adolphus Avent pleaded guilty to second degree murder and the trial court sentenced him to 15 years to life. Defendant filed a petition for resentencing under Penal Code[1] former section 1170.95 (now § 1172.6).[2] The trial court denied the petition. Defendant contends the trial court erred in summarily

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6. (Stats. 2022, ch. 58, § 10.) We will refer to section 1172.6 throughout this opinion.

denying his petition at the prima facie stage, as the record does not show as a matter of law that he was ineligible for relief. The People agree. We will reverse and remand the matter and direct the trial court to issue an order to show cause.

## BACKGROUND[3]

Ronald Davis was found in a field, killed by a gunshot to the head. Johnny Taylor[4] was the actual killer. Evidence was presented at the preliminary hearing that after Frank Hale's car had been set on fire and destroyed, Hale, defendant, Taylor, and Steven Martin met at Hale's apartment. Defendant and Taylor believed they knew who was responsible for burning Hale's car and made plans with Martin to go to that person's home. Later, they returned to Hale's apartment with Davis. Davis's head was covered. Defendant, Taylor, and Martin left Hale's apartment with Davis. When they returned, Davis was not with them. Martin reported they had put Davis in the trunk of a car and driven him to a field where Taylor shot him in the head.

Based on the evidence adduced at the preliminary hearing, defendant, Hale, and Martin were held to answer on charges of the murder (§ 187, subd. (a)) and kidnapping (§ 207) of Davis. As to the murder charge, it was further alleged that defendant and Martin were armed with a firearm (§ 12022, subd. (a)) and that the murder was committed during the commission of a kidnapping (§§ 207; 190.2, subd. (a)(17)).

---

[3] A detailed recitation of the substantive facts underlying defendant's conviction is not necessary to our resolution of the claim on appeal. The parties detail those substantive facts relying on the evidence presented at the preliminary hearing. We note, the record before the trial court did not contain any admission or stipulation by defendant that the evidence at the preliminary hearing established a factual basis for his guilty plea, and a ruling holding a defendant to answer is not equivalent to a jury's factual finding or a defendant's admission. Accordingly, we recite these facts for context only, and do not rely on the preliminary hearing record as established fact.

[4] It appears Taylor was prosecuted in separate proceedings.

A few days into jury trial, defendant pleaded guilty to second degree murder and the remaining charges and enhancement allegations were dismissed on the People's motion. The trial court sentenced defendant to an indeterminate term of 15 years to life.

In 2019, defendant filed a petition for resentencing. The petition alleged an information had been filed that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; he pled guilty to second degree murder in lieu of going to trial because he believed he could have been convicted of murder under the felony-murder rule or the natural and probable consequences doctrine; and he could not now be convicted of second degree murder because of changes to sections 188 and 189. He filed an amended petition adding the allegations that he was convicted under the felony-murder rule or natural and probable consequences doctrine and could not now be convicted of murder because of the changes to section 188; and there had been a prior determination he was not a major participant or did not act with reckless indifference to human life under section 190.2, subdivision (d).

The trial court appointed counsel and received briefing from the parties. The trial court reviewed the parties' pleadings, the record of conviction, and the reporter's transcript of the preliminary hearing. The court noted that the underlying court file did not contain a reporter's transcript of the change of plea hearing reflecting defendant's guilty plea.

Without holding a hearing, the trial court denied the petition.

In reaching its conclusion, the court conducted an extensive review of the preliminary hearing transcript, and concluded statements made by Taylor as to defendant's conduct at the scene of the murder would have been admissible against defendant at trial as adoptive admissions (although the magistrate had excluded them). The court also identified the then-diverging lines of cases on the prosecution's burden of proof. (*People v. Lopez* (H047254) opn. filed Oct. 30, 2020, review granted Feb. 11, 2021, S265974, vacated & trans. for reconsideration in light of Sen. Bill No. 775; *People*

3

*v. Duke* (B300430) opn. filed Sep. 28, 2020, review granted Jan. 13, 2021, S265309, vacated & trans. for reconsideration in light of Sen. Bill No. 775.) Expressly relying on *Duke*, the trial court analyzed the evidence under a substantial evidence standard; that is, did the evidence show beyond a reasonable doubt that defendant could still have been convicted under the new law. Applying this standard, the trial court concluded there was sufficient evidence for a jury to find defendant guilty of second degree murder based on an express malice theory. Accordingly, the trial court found defendant ineligible for relief and denied the petition.

Defendant timely appealed.[5]

## DISCUSSION

Defendant contends the trial court erred in denying his petition for resentencing at the prima facie stage because it reviewed the record using the substantial evidence standard. The People agree.

### *Senate Bill No. 1437*

Senate Bill No. 1437, effective January 1, 2019, was enacted to amend the felony-murder rule and eliminate natural and probable consequences liability for first and second degree murder. (Stats. 2018, ch. 1015, § 1, subd. (f); *People v. Gentile* (2020) 10 Cal.5th 830, 849.) To that end, Senate Bill No. 1437 amended sections 188 and 189 (murder). As relevant here, section 188 now requires malice aforethought for a murder conviction (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2) and section 189 limits felony-murder liability to a person who was the actual killer, who assisted the actual killer with the

---

[5] Defendant filed his notice of appeal in the trial court on February 1, 2021. Briefing was delayed by the granting of numerous extensions of time for both parties and motions to augment and supplement the record. The case was fully briefed on September 19, 2022.

4

intent to kill, or who was a major participant in the underlying felony and acted with reckless indifference to human life. (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also added former section 1170.95, allowing a defendant who was convicted of murder under the former law to petition for resentencing. (§ 1172.6; *People v. Strong* (2022) 13 Cal.5th 698, 708.) The petition must be filed "with the court that sentenced the petitioner" and must include: (1) a declaration by the petitioner that he or she is eligible for relief under the requirements set forth in the statute; (2) the superior court case number and year of the petitioner's conviction; and (3) whether the petitioner requests the appointment of counsel. (§ 1172.6, subd. (b)(1).)

While this appeal was pending, the Legislature amended former section 1170.95 to, among other things, clarify the procedures, standard of inquiry, and burden of proof governing the petition. (Stats. 2021, ch. 551, § 1, subds. (b), (c) & (d).) The Legislature later renumbered the section to 1172.6, without substantive change. (Stats. 2022, ch. 58, § 10.) We agree with the parties these changes apply to defendant's petition. (*People v. Porter* (2022) 73 Cal.App.5th 644, 652.)

Where the petition complies with the requirements of section 1172.6, subdivision (b)(1), the trial court must appoint counsel, if requested, and entertain briefing by the parties. (§ 1172.6, subds. (b)(3), (c).) The trial court must hold a hearing to determine if the petitioner has made a prima facie showing for relief. If a prima facie showing of eligibility is made, the trial court must issue an order to show cause and hold an evidentiary hearing to determine whether to vacate the conviction and recall the sentence. (§ 1172.6, subds. (c), (d).) The burden shifts to the prosecution to prove beyond a reasonable doubt that the petitioner is guilty of murder under the amended versions of sections 188 and 189. (§ 1172.6, subd. (d)(3).) "A finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid.*)

5

"[T]he 'prima facie bar was intentionally and correctly set very low.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 972.) Although the trial court must accept the petitioner's allegations as true, the court may review the record of conviction, and if those records contain facts refuting the allegations, the court may reject the petitioner's factual allegation. (*Id*. at p. 971.) But, at this preliminary stage, the trial court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972.) It is impermissible factfinding at the prima facie stage to summarily deny a section 1172.6 petition for resentencing, relying on facts taken from the preliminary hearing transcript that were not stipulated to or admitted. (*People v. Davenport* (2021) 71 Cal.App.5th 476, 481-482.)

The parties agree defendant's petition was sufficient to establish a prima facie case for relief and the record of conviction did not establish, as a matter of law, that defendant was not entitled to relief. In addition, the parties agree the court engaged in impermissible factfinding at the prima facie stage, by relying on evidence from the preliminary hearing transcript and reviewing that evidence under the substantial evidence standard. We agree with the parties these errors require us to reverse and remand the matter to the trial court.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed and the matter is remanded with directions for the trial court to issue an order to show cause.

                                   /s/
                               EARL, J.

We concur:

    /s/
ROBIE, Acting P. J.

    /s/
HOCH, J.